United States District Court
Southern District of Texas
**ENTERED**
March 12, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALTUS COMMUNITY HEALTHCARE, LP AS ASSIGNEE OF BAYTOWN MEDICAL CENTER, LP, §§§§§§§§§§§§§§ *Plaintiff,* v. UNITEDHEALTHCARE INSURANCE COMPANY, *Defendant.* | Case No. 4:24-cv-3978 |

**JUDGE PALERMO'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion to remand. ECF No. 5.[1] Plaintiff contends that remand is appropriate because the amount in controversy requirement for diversity jurisdiction is not met. *See id.* Having considered the record, briefing,[2] and applicable law, the Court concludes that the amount in controversy is less than $75,000 so the Court lacks subject matter jurisdiction. The motion to remand should be granted.

**I.    BACKGROUND**

This declaratory judgment action is about unpaid emergency medical

---

[1] The district judge to whom this case is assigned referred all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A)&(B). *See* Order, ECF No. 10. The motion to remand is dispositive and thus appropriate for a report and recommendation. 28 U.S.C. § 636(b)(1)(B).

[2] Defendant filed a response. ECF No. 11. Plaintiff filed a stipulation, ECF No. 12, and a reply, ECF No. 13.

1

services that Plaintiff provided to six patients, each of whom participated in a point-of-service ("POS")[3] plan Defendant operated and administered. ECF No. 1-2 at 28–29. Plaintiff provided services as a non-network, emergency care provider. Plaintiff submitted claims to Defendant for its services to the patients for $96,986.44 but only received payment of $11,103.73. ECF No. 1-2 at 15, 80, 105, 122. Texas law requires Defendant to reimburse Plaintiff for this out-of-network emergency care at "the usual and customary rate or an agreed rate." Tex. Ins. Code § 1271.155(a). Because Plaintiff found Defendant's reimbursements to be below the usual and customary rate, Plaintiff appealed the reimbursements to Defendant and the Texas Department of Insurance, and the parties participated in an unsuccessful mediation. ECF No. 1-2 at 30–31, 81, 107, 121–22. Plaintiff then filed a declaratory judgment action under Texas Civil Practice and Remedies Code § 37.009, pursuant to Texas Insurance Code §§ 1467.0575 and 1271.155, for reimbursement of each patient's care. ECF No. 1-2 at 31–32, 82, 107, 123.

    The state court consolidated these cases, ECF No. 1-2 at 65, and Defendant removed the consolidated action to federal court based on diversity jurisdiction. The parties do not dispute, and the record supports, diversity of citizenship. Instead, the parties dispute whether this case meets the $75,000 amount in

---

[3] A POS plan is one in which an insured pays less if they use doctors, hospitals, and other health care providers that belong to the plan's network.

controversy requirement—namely, how to value this case. Defendant asserted that it has satisfied the amount in controversy based on the pleaded "disputed amounts," the difference between billed charges and amount already paid, which total $86,000, plus Plaintiff's attorney fees. ECF No. 11 at 2. Plaintiff, in its motion to remand, countered that the amount in controversy is not met because the amount at issue is approximately $35,000, calculated based on the alleged "usual and customary rate" and as pleaded in the petitions, not the "disputed amounts." ECF Nos. 1-2 at 31–32, 82, 107, 123; 5 at 5. Plaintiff also argued that attorney fees under Chapter 37 of the Texas Civil Practice and Remedies Code are unavailable in federal court, and therefore, should be excluded from the amount in controversy. ECF No. 5 at 5-6.

## II. LEGAL STANDARD FOR REMAND

The federal Removal Act provides that in general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant" to federal district court. 28 U.S.C. § 1441(a). Section 1332(a)(1) of Title 28 provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."

"Remand is required 'if at any time before final judgment it appears that the

district court lacks subject matter jurisdiction over a case removed from state court.'" *Vantage Drilling Co. v. Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Int'l Primate Prot. League v. Admin'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991)); 28 U.S.C. § 1447(c). On a motion to remand, the removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Hampton v. Allstate Ins. Co.*, No. CV H-23-682, 2023 WL 4054963, at *2 (S.D. Tex. June 16, 2023) (citing *St. Paul Reinsurance Co. Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998)); *see also Vantage Drilling Co.*, 741 F.3d at 537; *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

In determining whether the removing party met its burden, the Court must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount, and if not, then the Court may rely on "summary judgment type evidence." *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351–52 (5th Cir. 2023) (citing *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey*, 719 F.3d at 397; *see also Texas v. Howard*, No. 3:24-CV-00178, 2024 WL 3246578, at *1 (S.D. Tex. June 25, 2024), *adopted*, No. 3:24-CV-178, 2024 WL 3416522 (S.D. Tex. July 12, 2024) (citing *Bosky v. Kroger Tex., LP,* 288 F.3d 208, 211 (5th Cir. 2002)).

### III. PLAINTIFF'S MOTION TO REMAND SHOULD BE GRANTED.

"In actions for declaratory judgment, 'it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 352 (5th Cir. 2023) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); citing *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019)). "In other words, the amount in controversy in such actions 'is the value of the right to be protected or the extent of the injury to be prevented.'" *Id.* (quoting *St. Paul Reins. Co.*, 134 F.3d at 1252-53). The parties agree that an action for declaratory judgment is measured by the value of the right to be protected but disagree on how to calculate this case's value.

Defendant asserted that the amount in controversy exceeds $75,000 because adding up the "disputed amounts," the difference between the amount Plaintiff billed and the amount Defendant paid, equals $85,882.71. ECF No. 11 at 2. Plaintiff disagreed, arguing that the "object of the litigation . . . is Plaintiff's right to have a determination of *the usual and customary rate* for the emergency services rendered to the six patients," which Plaintiff pleaded totals at least $35,580.58. ECF No. 5 at 3, 5 (emphasis added).[4] Plaintiff contended that Defendant's use of

---

[4] Plaintiff alternatively argues that Defendant's actions of paying $11,103.73 for the six patients demonstrates that Defendant finds that amount to be the usual and customary rate. ECF No. 5 at 4. Because the Court finds the pleaded usual and customary rate is the amount in controversy, the

5

the disputed amount is incorrect because the amount billed or paid is irrelevant under the applicable Insurance Code provision. ECF No. 13 at 2–3.

Defendant responded that Plaintiff cannot overcome its pleading the "disputed amount" "by pointing to a lower number untethered to any factual allegation, especially when Plaintiff concedes it seeks 'likely more' than the lower number." ECF No. 11 at 4. Defendant continued that "Plaintiff's assertion . . . that the amount in controversy is 'at least' $35,580.58, and . . . the usual and customary rates are 'likely more' does not establish a limit on Plaintiff's recovery but demonstrates that it exceeds $35,0580.58 by some unspecified amount." ECF No. 11 at 4. Defendant did not produce any summary judgment evidence, so the Court is constrained to the allegations in the operative petitions.

### A. The Amount in Controversy is the Usual and Customary Rate: $35,580.58, as Plaintiff Pleaded.

The Court agrees with Plaintiff. According to the pleadings, the value of the lawsuit is a determination of the usual and customary rate, not the disputed amount. Plaintiff clarified that it "is not seeking a sum or money or determination of how the payment of the usual and customary rate is split between the payor and its insurance," but seeks "a determination of the usual and customary rate." ECF No. 5 at 1.

---

Court need not reach this argument. Nonetheless, the Court is not persuaded by this assertion as it is not pleaded in the petitions or supported by summary judgment evidence as the value of the lawsuit.

Looking at the operative state court petitions, Plaintiff filed a declaratory judgment action under Texas Civil Practice and Remedies Code § 37.009, pursuant to Texas Insurance Code §§ 1467.0575[5] and 1271.155(a),[6] seeking a determination of the amount due at the usual and customary rate for emergency care Plaintiff provided to Defendant's insured. ECF No. 1-2. This aligns with Texas Insurance Code § 1467.0575, which states that the declaratory judgment must include a finding of the "usual and customary rate" that Plaintiff may charge for its services—not a determination of the billed amount and amount paid, as Defendant contends. Indeed, the amount billed and the amount paid are noticeably absent from Texas Insurance Code § 1467.0575.

The Court accepts that Plaintiff seeks "the amount due…at the usual and customary rate," which Plaintiff has stated "can and often does differ from the allowed rate," i.e., the charged amount, and may be significantly less than $75,000 based on the figures provided. ECF No. 1-2 at 31–32, 82, 107, 123. The petitions establish that Plaintiff, in good faith, pled the usual and customary rate to total $35,580.58. ECF No. 1-2 at 31–32, 82, 107, 123; *see Velasco v. Amazon.com*

---

[5] "Not later than the 45th day after the date that the mediator's report is provided to the department under Section 1467.060, either party to a mediation for which there was no agreement may file a civil action to determine the amount due to an out-of-network provider. A party may not bring a civil action before the conclusion of the mediation process under this subchapter." Tex. Ins. Code § 1467.0575.

[6] "A health maintenance organization shall pay for emergency care performed by non-network physicians or providers at the usual and customary rate or at an agreed rate." Tex. Ins. Code § 1271.155(a).

*Services, LLC*, No. 4:23-CV-03897, 2024 WL 1071873, at *2 (S.D. Tex. Mar. 12, 2024) ("Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.") (quoting 28 § 1446(c)(2)).

> **B. Even if the Amount in Controversy is Ambiguous, the Court May Accept Plaintiff's Stipulation that the Lawsuit Values at $70,000.**

Defendant asserts that the Court cannot accept $35,580.58 as the amount in controversy because Plaintiff alleged that reimbursement at the usual and customary rate is *at least* $35,580.58, but *likely more*. ECF No. 11 at 4. However, there is no indication in the petitions that by pleading "likely more," the reimbursement would meet the amount in controversy requirement. And Defendant has not produced any evidence to establish the same.

Even if the Court accepts that the amount in controversy is ambiguous, then the Court may consider Plaintiff's post-removal stipulation to determine whether the amount in controversy is met. *See Velasco*, 2024 WL 1071873, at *2 ("The Court's discretion in considering post-removal filings such as Vargas' affidavit is actuated only if the amount in controversy is shrouded in ambiguity, meaning it is not 'facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal.'") (quoting *Gebbia*, 233 F.3d at 883); *see also Brown v. Wal-Mart Stores, LLC*, No. Civ. Action C-10-259, 2010 WL 3501731, at *2 (S.D. Tex. Sept. 2, 2010) (citing *Gebbia*, 233 F.3d at 883). In other words, "[w]hen the amount in controversy is ambiguous, and a stipulation states that

plaintiff will not seek damages in excess of $75,000, it is proper for the court to remand the actions for lack of subject matter jurisdiction." *Brown*, 2010 WL 3501731, at *3. Here, Plaintiff has provided such a stipulation capping the amount in controversy at $70,000. ECF No. 12.[7]

In sum, Defendant has failed to meet the burden of proving that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Velasco*, 2024 WL 1071873, at *2 (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000)).

### B. Defendant Failed to Provide Summary Judgment Evidence Establishing that Adding the Amount of Attorney's Fees Meets the Amount in Controversy.

The Court need not decide whether it can consider attorney's fees in establishing the amount in controversy because, even if it can,[8] Defendant has not carried its burden of producing summary judgment evidence showing that the

---

[7] Defendant acknowledged that "to avoid removal, the plaintiff must file a binding stipulation with the original complaint that limits recovery below the jurisdictional threshold." ECF No. 11 at 4. Here, the stipulation was not filed with the complaint, but the Court may consider it since the amount in controversy is somewhat ambiguous. *Velasco*, 2024 WL 1071873, at *2.

[8] Plaintiff's attorney's fees argument is based on the correct understanding that attorney's fees under § 37.009 of the Texas Civil Practice and Remedies Code (Texas Declaratory Judgment Act) are unavailable in federal court because the Texas DJA is considered a procedural mechanism; "a party may not rely on the Texas DJA to authorize attorney's fees in a diversity case because the statute is not substantive law." *Zavala v. State Farm Mutual Automobile Ins. Co.*, 2024 WL 51028, at *4 (W.D. Tex. Jan. 3, 2024) (quoting *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208 (5th Cir. 1998)). The case Defendant cited, *Issa v. Allstate*, did not rely on the amount of attorney fees to establish the amount in controversy, rather the petition expressly sought $500,000 in damages. *Issa v. Allstate Cnty. Mut. Ins. Co.*, No. 4:20-CV-3227, 2021 WL 2457729, at *3 (S.D. Tex. June 16, 2021).

amount of fees meets the amount in controversy requirement. Defendant does not even allege an amount but rather offers the conclusory allegation that, with attorney's fees, the amount in controversy is met. This is insufficient. *See Allstate Fire & Cas.*, 71 F.4th at 351–52 (In determining whether the removing party met its burden, the Court must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount, and if not, then the Court may rely on "summary judgment type evidence.").[9] Regardless, the Court accepts Plaintiff's stipulation that $70,000 is the maximum amount "for which Plaintiff seeks a declaratory judgment to determine the usual and customary rate for the services . . . [including] any amount of attorney['s fees] it may seek to recover." ECF No. 12.

### III. CONCLUSION.

For the reasons given above, the Court **RECOMMENDS** that Plaintiff's motion to remand be **GRANTED**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual**

---

[9] Because the Court finds that the amount in controversy is not met and remand is necessary, the Court does not address Plaintiff's alternative argument that the removal was untimely. ECF No. 5 at 6–7.

**findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

Signed at Houston, Texas, on March 11, 2025.

*Dena Palermo*

**Dena Hanovice Palermo**
**United States Magistrate Judge**